ALBERTO BACHMAN, Petitioner and Appellant, *v.* JUAN T. PEÑAGARÍCANO, ADMINISTRATOR, ETC., Respondent and Appellee; MANUEL MARTINÓ RUIDÍAZ, Intervener.

No. 80.    Decided December 28, 1962.

*Jorge Benítez Gautier* for petitioner.    *Víctor M. Marchán, Nieves Agostini Torres,* and *Miguel R. Franquiz Ventura* for appellee.    *Amancio Arias Cestero* for intervener.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Alberto Bachman leased to Manuel Martinó Ruidíaz a commercial premise on the ground floor of a two-story building located in 416 Bolívar Street, corner of Ponce de León Avenue, Santurce, Puerto Rico. In said commercial premise the lessee has been operating a restaurant prior to the year 1942.

Towards the end of 1959 tenant Martinó Ruidíaz complained to the Economic Stabilization Administration about some deterioration in the property which he occupied. On December 8, 1959 the Administration sent a notice to the landlord and to the tenant requesting their presence at a hearing and at an inspection which would be made in the property on December 15, 1959 at 11:00 a.m. "in order to determine the nature and amount of repairs." The landlord did not appear at this hearing and inspection. On the 23d of the same month and year the Administration issued an "order to carry out repairs" at an approximate cost of $2,600 and requiring within a term of 15 days "to repair the entire roof of the building in the second story to avoid rainwater filtration down to the first story..."

On February 16, 1960 the Administration issued and served on the landlord a "Notification of Pending Proceeding (Reduction)" which informed him that the Administration intended to reduce the monthly rental from $125 to $62.50 because there was a substantial deterioration in the dwelling. He was granted 10 days to oppose the proposed reduction and to introduce the documentary evidence in support thereof.

Two days later the landlord answered the Administration in the following terms:

"Dear Sir:
I received notification of pending proceeding of my property leased to Manuel Martinó Ruidíaz. You specify a rental of

$125 in 1942 for the whole premise. Please notice that in 1942 Mr. Martinó did not occupy all the space which he occupies today. That year, there was a grocery store in the part facing San Juan, which today corresponds to a big door which is now condemned. That part was then rented for $50. The aforesaid property is actually paying in taxes $729.95, pursuant to the enclosed photostatic copy.

Your notification requesting the repair of the property was sent in December. We made arrangements with the company named González & Vélez, with offices in 400 Ponce de León Avenue, Hato Rey, for the repair thereof, according to a registered letter with return receipt sent to Mr. Martinó. As you know one must abide by a regulation of the Planning Board, that is, plans must be submitted for approval, which as you know, also take time with that Board, for which reason I would not have been able to obtain the approval and carry out the repairs within the 10 days you stipulated. Besides, it was necessary to proceed with the eviction of the tenant who occupied the top story, Angela R. de Tudó, which we recently procured. We hope the notification of pending proceeding is thereby made ineffective.

Very truly yours,

(Sgd.) A. BACHMAN"

On March 7, 1960, the tenant, through his attorney, Aurelio Ríos Méndez, sent a written communication to the Administration requesting (a) "... a speedy and effective hearing of this case so that the allegations of the landlord may be heard on the merits," and (b) that the pending proceeding be continued. He also stated in this communication that it was not necessary for his client to move in order to carry out the repairs.

On the 17th of the same month and year the landlord filed a request to increase the rental on the grounds that since 1946–47 to 1960–61 there had been an annual increase in taxes of $568.25.

On March 28, 1960 tenant's attorney again wrote to the Administration requesting (a) investigation of the allegations of the landlord and the tenant, and (b) a public hearing to introduce evidence and testimony.

On April 1, 1960 the landlord, through his attorney, sent a letter to the Administrator referring to a letter written by the tenant's attorney to his client, the landlord. In this letter he informed him that the aforesaid attorney had committed several errors. The second and third paragraphs are copied verbatim as follows:

"In said letter my colleague Ríos Méndez commits several errors (undoubtedly through lack of information) and erroneously assumes that the maximum monthly rental of the premise is $125 and not $150.

"In order to explain this whole issue we agree that the public hearing requested by Lic. Ríos Méndez be set and we suggest it be set for any convenient date within the second half of the present month of April."

Formerly, that is, on March 17, 1960, the landlord had written the tenant informing him that he had decided to demolish the building entirely in order to convert the lot into a parking place for automobiles and he requested him to vacate the property within a term of six months.

On April 29 of the same year the Administration issued a decision in which it stated that it appeared from the request to vacate made by the landlord to the tenant that the owner had definitively decided not to carry out the repairs and that the proposed reduction was effective. The dispositive part of that decision reads as follows:

"In view of the foregoing and of the provisions of section 5-a (1) of the Rent Regulation of this Administration, approved January 12, 1959, the final order of reduction is hereby provided, but on the basis of a monthly rental of $150. The aforesaid order of reduction will be timely issued."

On May 12, 1960 the landlord requested the reconsideration of the aforesaid decision alleging:

"1—Said decision has been rendered without granting the opportunity of a public hearing in this case, which had been requested by the landlord as well as by the tenant.

"2—Because the deterioration which has motivated the decision does not exist in the leased premise but in others which are not in dispute.

"3—Because the order of reduction which is announced in said decision is arbitrary and contrary to law because said reduction exceeds the rental value lost by the property due to the existing deterioration."

■ The motion for reconsideration ended with a prayer that a public hearing be held to discuss the issues pointed out in said motion.

On May 19 the Administration "dismissed" the motion for reconsideration and on the 26th of the same month issued a final order reducing the monthly rental from $150 to $75.

The landlord then appealed by way of review to the Superior Court alleging that the order of reduction was void because (a) in rendering it the Administration disregarded the petition for rental increase made by the landlord on the grounds of increase in taxes and which was still pending decision; (2) the reduction decreed exceeded the rental value lost by the leased premise due to the existing deterioration; (3) no deterioration existed in the leased premises but in others which were not in dispute, and (4) said order of reduction was issued without holding a public hearing in spite of the fact that the tenant and the landlord had requested it.

On the basis of the administrative record of the case introduced by the Administration, the Superior Court rendered judgment affirming the decision appealed from on the sole ground that the appellant landlord had waived his right to a hearing by his failure to request it when, by letter of February 18, 1960, he objected to the proposed reduction of the maximum rental.

We granted a writ of certiorari to review said judgment.

Pursuant to § 6 of the "Reasonable Rents Act" (17 L.P.R.A. § 186), the Administrator has the power, among others, to prescribe reduction in the rent for deterioration of the dwelling or of the leased building. The same § 6 also

provides "The Administrator shall fix rules of procedure for the presentation of, and hearing and decisions on, applications for decreases or increases in the rents, filed by tenants or landlords, as the case may be; Provided, That the Administrator shall enter no decision on any application for increase or reduction of the rent until after he has summoned the parties to plead according to their rights."

Section 10 of the same Act provides that if the lessor fails to make the necessary repairs or fails to maintain all the services in operation after having been requested to do so through a written notice, the Administrator shall summon the landlord and the tenant to a hearing in order to determine the need for the repairs, and the need having been verified, he shall fix the reasonable amount thereof and shall order the owner to carry them out, and if the landlord should not make said repairs within the time fixed by the Administrator, the latter shall authorize the tenant to make the repairs and to deduct the amount thereof from the rent in the manner which said Administrator may determine for the purpose.

On the other hand, the "Rent Regulation" provides in subdivision "C" of its § 13 that if the tenant notifies the Administration that he is unable to effect the authorized repairs, then a reduction of the maximum rent is in order, in accordance with § 12-b of the Regulation, which in turn provides that the Administrator may reduce the maximum rent by reason of deterioration, when an order requesting repairs is issued under § 13 c and d of the Regulation.

Section 14 of said Regulation provides: "The Administrator shall not make any final determination of decrease, increase, or fixing of rent or denial of petition without previous notification of the proposed action to all parties involved. The parties may object to the proposal by means of written notice, within the term specified in the proposal."

And subdivision "a" of this same § 14 provides: "Upon request of the affected party and should the Administrator deem it necessary, a hearing shall be set to determine if there are grounds for the objections."

The Administrator in this case summoned the landlord and the tenant to determine the necessary repairs and the cost of same. To the proposed reduction of the rental the landlord answered through letter of February 18, 1960 copied above. Already that letter raised the question as to which was the legal rental and also the question of the raise in property taxes. The tenant had requested a hearing of the case and so had the landlord through his attorney. The Administrator understood, erroneously in our opinion, that the only thing which the landlord was interested in discussing at the hearing was the question respecting the basic rental. And such an assumption is erroneous because in the letter of April 1, 1960, the landlord informed the Administrator that he agreed to the hearing in order to "explain the whole issue." Prior to and after the final order of rental reduction, the landlord had made certain contentions which advised the need of a hearing. These contentions clearly appear in the landlord's motion for reconsideration of the Administrator's decision providing for the issuance of a final order of rental reduction.

We have found nothing in the Act nor in the Rent Regulation which shows that when the landlord answers a Notification of Pending Proceeding (Reduction) setting forth objections, he waives a public hearing if he does not request it at that moment. The Act as well as the Regulation rather favor the holding of such a hearing and although under the Regulation the Administrator has discretion to deny it if he believes it unnecessary, in many cases the nature of the objection to the proposed reduction may render the holding of the hearing imperative.

In any case, we can not accept the opinion of the Superior Court that in this case the landlord waived the public hearing. Although it is true that the owner herein required the tenant to vacate the leased premise because he intended to demolish it completely, which of itself implied that the proposed repairs would not be made, even so the Administrator should have fixed the rental which would prevail until the tenant vacated the premise, making a reasonable reduction after hearing and considering the landlord's objections.

Since the judgment rendered by the Superior Court is erroneous, the same will be set aside and the case remanded for further proceedings.